UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TRACY THOMAS, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 4:07CV1245 HEA |
| DRAPER and KRAMER, INC., et al., | ) ) ) | |
| Defendants. | ) | |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Bill of Costs, [Doc. No. 58]. Plaintiff objects to the Bill of Costs generally and specifically. For the reasons set forth below, Defendants' Bill of Costs is granted to the extent stated herein; Plaintiff's general objection is overruled, her specific objection is sustained.

Plaintiff objects to the entire bill of costs because is was not filed within 20 days after the entry of the Judgment in favor of Defendants in accordance with Local Rule 54-8.03(A). As the Rule states, "Failure to file a bill of costs within the time provided *may* constitute a waiver of taxable costs." (Emphasis added). Plaintiff has presented no prejudice she has suffered as a result of the late filing and the Court can ascertain none. The Bill of Costs was filed within two months of the entry of the Judgment, and less than a month from the appeal time. This filing was made within a time which is not so unreasonable that Defendant should be penalized

by a complete disallowance of the costs. Defendant is, however, admonished to comply with the Court's Local Rules or seek an extension of the time for filing in the future.

With respect to Plaintiff's specific objection, *i.e.*, that expert witness fees are not reimbursable as a taxable cost, the Court agrees. Expert fees are not listed as a taxable court cost pursuant to 28 U.S.C. § 1920.

Under Rule 54(d), Fed. R. Civ. P., "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The specific costs that are recoverable are set out in 28 U.S.C. § 1920 as follows:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

This is not a fee-shifting statute, and many expenses that might be reasonably incurred by counsel as part of their representation are nevertheless not considered

taxable costs, and cannot be recovered.

Witness fees are allowed at the statutory rate of $40.00 per day plus milage. 28 U.S.C. § 1821. Defendants have requested the Deposition Fee for Keith Vidal in the amount of $480.00. Expert witness charges are not taxable; experts are treated like any other witness, and a prevailing party may recover taxable costs in the amount allowed for witnesses, *i.e.*, $40.00 per day plus milage. The Court will therefore disallow the $480.00 expert witness fee, and will allow $40.00 witness fee for Mr. Vidal.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Bill of Costs, [Doc. No. 58] is granted as provided herein.

**IT IS FURTHER ORDERED** that costs are taxed in favor of Defendants and against Plaintiff in the amount of $1140.62.

Dated this 29th day of May, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE